# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

FILED BY KP D.C.
Aug 24, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

David J. Smith
Clerk of Court

August 24, 2022

For rules and forms visit
www.ca11.uscourts.gov

Carri Leininger
Williams Leininger & Cosby, PA
11300 US HWY 1 STE 300
NORTH PALM BEACH, FL 33408

Appeal Number: 22-11670-F
Case Style: Matthew Hawks v. USA
District Court Docket No: 2:19-cv-14441-DMM
Secondary Case Number: 2:16-CR-14059-DMM-1

The enclosed copy of this Court's order denying the application for a Certificate of Appealability is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Dionne S. Young, F
Phone #: (404) 335-6224

Enclosure

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 22-11670-F

_____

MATTHEW VAUGHN HAWKS,

                                                                                                  Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                                                                  Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

ORDER:

Matthew Hawks is a federal prisoner serving a 360-month total sentence after he pled guilty to 3 counts of producing, and 1 of possessing, visual depictions of minors engaging in sexually explicit conduct. In November 2019, he filed a counseled 28 U.S.C. § 2255 motion, asserting that counsel was ineffective for failing to submit a psychological evaluation from Dr. Eric Imhof as mitigation evidence at sentencing (Claim 1), and failing to object to several erroneous findings of fact at sentencing, which led to this Court reviewing the findings for plain error on his direct appeal (Claim 5). The district court denied the § 2255 motion and denied a certificate of appealability ("COA"). On appeal, Hawks, still proceeding with counsel, moves for a COA.[1]

---

[1] Hawks raised five claims in his § 2255 motion, and the district court found that Claims 2-4 were procedurally barred, or, alternatively, were meritless. Although Hawks raises Claims 2-4 in his counseled COA motion, he does not address the procedural bar. Because he failed to offer any argument about the procedural bar, he has abandoned Claims 2-4. *See Jones v.*

To obtain a COA, Hawks must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied his constitutional claims on the merits, he must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or that the issues "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).

Here, reasonable jurists would not debate the district court's denial of Hawks's § 2255 motion. As to Claim 1, counsel made the reasonable strategic decision not to introduce Dr. Imhof's report at sentencing because the report could have emphasized concerns that Hawks was making his mental disability appear worse than it was. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Chandler v. United States*, 218 F.3d 1305, 1319 (11th Cir. 2000) (noting that counsel can decide what mitigating evidence to stress). Hawks also cannot show prejudice in light of the seriousness of his offense, the opinions from other medical professionals that he needed strict supervision, and the fact that he already received an 840-month downward variance. *See Strickland*, 466 U.S. at 694.

As for Claim 5, Hawks cannot show prejudice. Even if counsel had objected to the findings, this Court reviews factual findings at sentencing for clear error, which is still a deferential standard of review, and not *de novo*, as Hawks contends. *See United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1136-37 (11th Cir. 2004). In any event, this Court recognized in his direct appeal that Hawks had not shown how the findings impacted his substantial rights, which means that he cannot now show *Strickland* prejudice. *See Gordon v. United States*, 518 F.3d 1291, 1298 (11th

---

*Sec'y, Dep't of Corr.*, 607 F.3d 1346, 1353-54 (11th Cir. 2010) (stating that this Court "will not entertain the possibility of granting a certificate of appealability" where the petitioner "does not provide facts, legal arguments, or citations of authority that explain why he is entitled to a certificate . . .").

2

Cir. 2008) ("When a claim of ineffective assistance is based on a failure to object to an error committed by the district court, that underlying error must at least satisfy the standard for prejudice that [this Court] employ[s] in [its] review for plain error.").

Accordingly, Hawks's motion for a COA is DENIED.

/s/ Robin S. Rosenbaum
UNITED STATES CIRCUIT JUDGE
